**HUAWEN LIU, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 05–0454–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Huawen Liu, pro se, Flushing, NY, for Petitioner.

Robert L. Eberhardt, Assistant United States Attorney, (Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, on the brief), Pittsburgh, PA, for Respondent.

PRESENT: CHESTER J. STRAUB, ROSEMARY S. POOLER and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Huawen Liu, a citizen of the People's Republic of China, petitions for review from the December 28, 2004, order of the BIA, summarily affirming Immigration Judge ("IJ") Helen Sichel's September 8, 2003, decision denying his claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). *In re Huawen Liu,* No. A 78 727 281 (BIA), *aff'g* (Immig.Ct.N.Y.City). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's findings of fact under the substantial evidence standard, overturning them only

if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

 In light of our recent decision in *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255 (2d Cir.2006), we find that the IJ erred in failing to consider Liu's claim that he faced future persecution because the Immigration and Naturalization Service's ("INS") revealed his name to Chinese authorities. *See id.* at 268–71. The fact that the INS did not explicitly reveal that Liu had applied for asylum does not, as the IJ found, mean that the Chinese government would not suspect that he had applied for asylum; simply revealing Liu's name and asking questions related to his alleged imprisonment was sufficient to allow such an inference. *Id.* at 269–70.

Moreover, the IJ failed to consider the probative value of the letter from Liu's mother that after the INS contacted Chinese authorities, they came to her home, told her that her son had betrayed China, and, shortly thereafter, both she and Liu's sister were fired from their jobs. The IJ must consider probative evidence in the record, and it was error not to do so here. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005). As these errors pervade the IJ's evaluation of Liu's fear of future persecution, we must remand for the agency to reconsider this issue as it relates to each of Liu's claims for relief. *Id.* at 402.

However, we are without jurisdiction to review the BIA's decision to streamline Liu's appeal pursuant to 8 C.F.R. § 1003.1(e). *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006).

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security, Michael Chertoff, is

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part, and the case is REMANDED for further proceedings consistent with this order. Having completed our review, Liu's motion for a stay of removal is DENIED as moot.